UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                                          Case No. 08-20309-1
                                                            Honorable Patrick J. Duggan

RICARDO VARGAS,

        Defendant.

_____/

## OPINION AND ORDER DENYING (1) DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; AND (2) A CERTIFICATE OF APPEALABILITY

Presently before the Court is Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion, dated June 25, 2012, was filed on June 28, 2012. The Government filed a response to the motion on July 30, 2012, arguing that it is barred by the applicable statute of limitations and, alternatively, lacks merit. For the reasons that follow, the Court denies Defendant's motion and a certificate of appealability.

### Procedural Background

On October 6, 2008, following a jury trial before this Court, Defendant was found guilty of conspiring to import and possess methamphetamine and importing, possessing, and attempting to possess methamphetamine with intent to distribute. On July 14, 2009, this Court sentenced Defendant to 240 months' imprisonment. The Sixth Circuit Court of Appeals affirmed Defendant's convictions and sentence on February 10, 2011. *United*

*States v. Vargas*, 408 F. App'x 982 (6th Cir. 2011). The United States Supreme Court denied Defendant's petition for a writ of certiorari on June 6, 2011. *Vargas v. United States*, 131 S. Ct. 2982 (2011).

On February 2, 2012, Defendant filed a motion asking the Court to appoint counsel "so that [he is] able to proceed with the next stag[e] of [his] appeal." (Doc. 106.) This Court denied Defendant's request on February 9, 2012, because there were no matters then pending before the Court. (Doc. 107.) On June 21, 2012, this Court received an undated letter from Defendant in which he asked for an extension of time to file a motion pursuant to 28 U.S.C. § 2255. (Doc. 108.) In the letter, Defendant indicated that he does not have an attorney and is preparing his motion on his own. (*Id*.) A week later, this Court received Defendant's motion to vacate, set aside, or correct sentence. Defendant asserts two grounds in his motion: (1) that his trial counsel was ineffective in advising him about the government's use of an enhancement; and (2) that his trial counsel was ineffective in not letting him take the government's plea offer.

As indicated earlier, the government filed a response to the motion on July 30, 2012. In its response, the Government first argues that the motion is barred by the applicable statute of limitations and that Defendant is not entitled to equitable tolling. Alternatively, the Government argues that Defendant's grounds for relief lack merit.

## Analysis

Defendant's motion is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, a one-year limitations period

applies to federal prisoners seeking collateral relief.  28 U.S.C. § 2255(f).  This

limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

*Id*.  In this case, the limitations period began to run on the date the Supreme Court denied

Defendant's petition for writ of certiorari, or June 6, 2011.[1]  Absent equitable tolling, it

expired on June 6, 2012.

The Government acknowledges that the statute of limitations contained in § 2255

is subject to equitable tolling.  (Govt.'s Resp. at 5 (citing *Solomon v. United States*, 467

F.3d 928, 933 (6th Cir. 2006); *Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2002).)  A

defendant seeking to file an otherwise untimely § 2255 motion bears the burden of

showing that he or she is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401

---

[1] Defendant indicates in his motion that he learned that the government used an enhancement after his trial, while reading his presentence investigation report.  (*See* Doc. 109 at 4.)  Thus his first ineffective assistance of counsel claim is not premised on facts learned less than a year before he filed his motion.  Similarly, Defendant was aware of the government's plea offer before his trial and thus his second ineffective assistance of counsel claim also is not premised on recently discovered facts.  (*See id*.)

(6th Cir. 2004). Defendant must demonstrate two elements to be entitled to equitable tolling: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005). Defendant fails to satisfy either element and thus this Court concludes that he is not entitled to equitable tolling.

Other than the filing of a motion for the appointment of counsel– which notably occurred almost eight months after the limitations began to run– there is nothing suggesting that Defendant has been diligently pursuing his rights. While Defendant also sought an extension of time to file his motion, he did so only *after* the statute of limitations had run. Defendant fails to set forth an "extraordinary circumstance[]" that prevented him from filing his motion. In his request for an extension of time to file his motion, Defendant referred to his lack of legal counsel; however, Defendant's lack of legal assistance and/or ignorance of the law are not "extraordinary circumstances" justifying equitable tolling. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001); *see also Fisher v. Johnson*, 174 F.3d 710, 714 and n.13 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.")

4

**Conclusion**

In short, the Court concludes that Defendant filed his motion to vacate, set aside, or correct sentence after the AEDPA's statute of limitations expired and he is not entitled to equitable tolling.  Defendant's motion is thus time-barred.

When a district court enters a final order adverse to a § 2255 movant, it must issue or deny a certificate of appealability.  *See* Rule 11 of the Rules Governing Section 2255 Proceedings.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Supreme Court has provided that, to demonstrate entitlement to a certificate of appealability pursuant to § 2255, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. Daniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks and citation omitted).  However, when a district court denies habeas relief on procedural grounds without reaching the merits of the movant's claims, a certificate may issue only if jurists of reason would find it debatable whether (1) the motion states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling.  *Id*. at 484-85, 120 S. Ct. at 1604. Reasonable jurists would not find this Court's procedural ruling debatable.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to vacate, set aside, or correct

5

sentence pursuant to 28 U.S.C. § 2255 is **DENIED**;

       **IT IS FURTHER ORDERED**, that Defendant is **DENIED** a **CERTIFICATE**

**OF APPEALABILITY**.

Date:  August 8, 2012             <u>s/PATRICK J. DUGGAN</u>
                                        UNITED STATES DISTRICT JUDGE


Copies to:
Ricardo Vargas
#42748-039
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

AUSA David A. Gardey