UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,      Case No. 08-cr-20309-1

v.                               Judith E. Levy
                                 United States District Judge

Ricardo Vargas,

               Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE [134]**

Before the Court is Defendant Ricardo Vargas' motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 134.) Defendant asks that the Court to reduce his sentence to time served. (*Id.* at PageID.2111, 2132–2133.) For the reasons set forth below, Defendant's motion is DENIED.[1]

I. **Background**

Defendant is currently in the custody of the Bureau of Prisons ("BOP") at a halfway house in Chicago, Illinois. (*Id.* at PageID.2114.) On

---

[1] The Court apologizes for the delay in resolving Defendant's motion.

May 19, 2008, Defendant made his initial appearance in this case and was subsequently ordered detained pending trial. (*See* ECF Nos. 1, 2, 5.) On September 18, 2008, Defendant was charged with five controlled substances counts by a superseding indictment: (i) conspiracy to import in violation of 21 U.S.C. § 963; (ii) conspiracy to possess with intent to distribute in violation of 21 U.S.C. § 846; (iii) importation in violation of 21 U.S.C. § 952(a); (iv) possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and (v) attempt to possess with intent to distribute in violation of 21 U.S.C. § 846. (ECF No. 36.) Pursuant to 21 U.S.C. § 851(a), the government filed a pretrial notice of information and enhanced penalty related to Defendant's prior felony conviction for "manufacture/deliver cannabis" in Illinois state court. (ECF No. 42.) On October 6, 2008, Defendant was convicted by a jury on all five counts. (ECF No. 53.) The jury also found that each offense involved MDMA and "500 grams or more of a mixture or substance containing a detectible amount of methamphetamine." (*Id.* at PageID.170–174.)

Prior to Defendant's sentencing, the Probation Department prepared a Presentence Investigation Report ("PSR") and calculated a guideline imprisonment range of 292 to 365 months based on a total

2

offense level of 38 and a criminal history category of III. (PSR ¶ 83.) Probation also found that Defendant was subject to a mandatory minimum sentence of 20 years' imprisonment on all counts. (PSR ¶¶ 81–82.) On July 14, 2009, the Honorable Patrick J. Duggan held a sentencing hearing. (ECF No. 92.) After hearing oral argument, Judge Duggan concurred in Probation's calculation of the guideline range. (*Id.* at PageID.1883.) Judge Duggan then varied downward and sentenced Defendant to the mandatory minimum—240 months' imprisonment on each count to run concurrently. (*Id.* at PageID.1886–1887; ECF No. 89, PageID.1862.) Judge Duggan also sentenced Defendant to 10 years' supervised release to be served upon his release from imprisonment. (ECF No. 92, PageID.1887–1888; ECF No. 89, PageID.1863.)

On April 1, 2021, the case was reassigned from Judge Duggan to the Honorable Stephen J. Murphy, III. On November 4, 2021, Judge Murphy disqualified himself and the case was reassigned to the undersigned. (ECF No. 132.) On February 2, 2024, Defendant filed the present motion for a reduction in sentence. (ECF No. 134.) The government filed a response opposing the motion. (ECF No. 137.) Defendant filed a reply. (ECF No. 138.)

3

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for modification of a sentence or compassionate release may be filed by the Director of the Bureau of Prisons (BOP) or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate-release motions, courts in the Sixth Circuit apply a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the court must "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the

4

district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted). Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G. § 1B1.13] ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

5

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) "Other Reasons," and (6) a non-retroactive change in the law if the defendant received an unusually long sentence and has been in prison for at least ten years. *See* U.S.S.G. § 1B1.13(b)(1)–(6). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5).

### III. Analysis

In his motion, Defendant asserts that he has properly exhausted BOP administrative remedies. (ECF No. 134, PageID.2116.) Additionally, Defendant contends that (i) he demonstrates extraordinary and compelling circumstances under § 1B1.13(b)(6); (ii) relief under § 1B1.13(b)(b) is not foreclosed by the Sixth Circuit's decision in *United*

6

*States v. McCall*, 56 F.4th 1048, 1055–60 (6th Cir. 2022) (en banc); and (iii) he does not pose a danger to any person or the community. (ECF No. 134, PageID.2116–2131.) Finally, Defendant argues that the § 3553(a) factors support a reduced sentence of time served. (*Id.* at PageID.2132–2133.)

In its response, the government does not dispute exhaustion. However, it asserts that the Sentencing Commission exceeded its authority in promulgating the policy statement in § 1B1.13(b)(6). (ECF No. 137, PageID.2162–2181.) The government also argues that Defendant cannot establish extraordinary and compelling circumstances under subsection (b)(6). (*Id.* at PageID.2181–2185.)

### A. Extraordinary and Compelling Reasons

Under the current policy statement promulgated by the Sentencing Commission, a non-retroactive change in the law may constitute an extraordinary and compelling reason under § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence

> being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Additionally, the policy statement provides that "[e]xcept as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

In this case, Defendant has served well over 10 years of his 20-year sentence. He asserts that he received an "unusually long sentence" and that there is a gross disparity resulting from the non-retroactive amendments under § 401 of the First Step Act of 2018. (ECF No. 134, PageID.2121, 2124–2125.)

Section 401(a) of the First Step Act amended 21 U.S.C. § 841(b)(1)(A), reducing the enhancement for prior convictions from a 20-year mandatory minimum to a 15-year mandatory minimum. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A), 132 Stat. 5194, 5220 (codified at 21 U.S.C. § 841(b)(1)(A)). Additionally, § 401(a) limited this enhanced mandatory minimum to those with "a prior conviction for a serious drug felony or serious violent felony" instead of simply those with

8

"a prior conviction for a felony drug offense." *Id.* An identical amendment was also made to the mandatory minimums imposed under 21 U.S.C. § 960(b)(1). *See* First Step Act § 401(b)(1), 132 Stat. at 5221(codified at 21 U.S.C. § 960(b)(1)). To qualify as a "serious drug felony" under the First Step Act, the defendant must have "served a term of imprisonment of more than 12 months" for that conviction. First Step Act § 401(a)(1), 132 Stat. at 5220 (codified at 21 U.S.C. § 802(57)). Congress limited the applicability of these amendments to cases in which a sentence had not yet been imposed. *See* First Step Act § 401(c), 132 Stat. at 5221.

Defendant was previously convicted of "manufacture/deliver cannabis" in Illinois state court. (*See* ECF No. 42, PageID.126.) However, Defendant was sentenced to only 18 months' probation and did not serve a term of imprisonment for that felony conviction. (PSR ¶¶ 40–41.) As a result, if Defendant was sentenced at the time the present motion was filed, he would not be subject to an enhanced penalties under § 841(b)(1)(A) or § 960(b)(1). Instead, Defendant would be subject to a mandatory minimum sentence of ten years on all counts. *See* 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 960(b)(1).

9

In its response, the government points out that, "[e]ven if Vargas's [guideline] range was recalculated using the current drug-quantity guidelines, he'd still be at offense level 36, criminal history category III, for a range of 235-29[3] months, and his sentence would be near the bottom of that range." (ECF No. 137, PageID.2181.) It also cites statistics from the Sentencing Commission's Judiciary Sentencing INformation ("JSIN") tool, which show that the median sentence over the last five years for similarly situated defendants was 204 months. (*See id.*) Defendant does not challenge the government's recalculated guideline range or the JSIN statistics in his reply. (*See* ECF No. 138, PageID.2190.) Instead, Defendant argues that that his sentence ten years above the now-applicable ten-year mandatory minimum supports a finding of an unusually long sentence. (*See* ECF No. 138, PageID.2190.)

The Court agrees with the government. Because his 240 month sentence falls within the revised guideline range of 235 to 293 months, Defendant does not show that there is a "gross disparity" between his current sentence and the sentence likely to be imposed at the time his

10

motion was filed.[2] *See United States v. Mitchell*, No. 1:12-cr-20332-01, 2024 WL 3673533, at *4 (E.D. Mich. Aug. 6, 2024) (determining that the defendant did "not show[ ] that a 15-year difference is a 'gross disparity'"). Nor has Defendant shown that his sentence is unusually long compared to similarly situated defendants. As such, the Court finds that Defendant fails to demonstrate that § 1B1.13(b)(6) applies.

In support of his motion, Defendant also raises his exemplary rehabilitation and extensive engagement in programming while in custody. (ECF No. 134, PageID.2125–2126.) Defendant has obtained his GED, completed numerous courses, participated in the Residential Drug Abuse Program, and held numerous work assignments throughout his term of incarceration. (*Id.*; *see also* ECF No. 134-3.) Additionally, Defendant has made substantial efforts to develop and maintain relationships with his children. (*See* ECF No. 134-2.) Defendant is to be commended for this record and his substantial efforts at rehabilitation.

---

[2] In his motion, Defendant also argues that there is a gross disparity between his 240-month sentence and the 100-month sentence received by his codefendant, Geretha Lee, which was later reduced to 80 months. (ECF No. 134, PageID.2123; ECF No. 124, PageID.2083.) However, the policy statement in subsection (b)(6) makes clear that the relevant disparity is "between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). As such, Lee's sentence is not relevant to the Court's analysis.

Nevertheless, the Sentencing Commission has made clear that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d); *see also United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) ("Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief" under 18 U.S.C. § 3582(c)(1)(A). (quoting 28 U.S.C. § 994(t))).

Accordingly, Defendant has not established an extraordinary and compelling reason that supports a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Because the Court does not find that there are extraordinary and compelling reasons supporting a reduction in sentence, the Court need not address the § 3553(a) factors or the parties' arguments regarding *McCall* and the propriety of § 1B1.13(b)(6) at this time. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (citations omitted)); *United States v. Smith*, No. 23-5519, 2024 WL 1007115, at *6 (6th Cir. Mar. 8, 2024) ("Because [the defendant] failed to show an extraordinary and compelling reason

12

warranting a reduction, the district court and this court need not consider the application of the § 3553(a) factors." (citing *Elias*, 984 F.3d at 519)).

## IV. Conclusion

For the reasons set forth above, Defendant's motion for a reduction in his sentence under § 3582(c)(1)(A)(i) (ECF No. 134) is DENIED.

IT IS SO ORDERED.

Dated: October 9, 2024　　　　　　s/Judith E. Levy
　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2024.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager